UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LERIOD BAKER, aka LEROID BAKER<br>LA. DOC #217930 | CIVIL ACTION NO. 3:10-cv-0612 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN DALE YELVERTON, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a civil rights complaint filed by *pro se* plaintiff Leriod Baker, aka Leroid Baker, pursuant to 42 U.S.C. §1983, on April 4, 2010. Plaintiff's claims relate to a slip-and-fall incident and the resulting medical care he received while a prisoner at the Jackson Parish Detention Center ("JPDC") during the summer of 2009. Plaintiff sued JPDC Warden Dale Yelverton ("Yelverton") and Nurse K. Johnson ("Johnson") seeking compensatory damages.

On July 2, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 8] in which she recommended that the Court dismiss Plaintiff's claims as frivolous and for failing to state a claim for which relief may be granted. Having reviewed the record in this matter, including Plaintiff's objections, the Court finds that the Magistrate Judge's statement of the law and her analysis are correct, and the Court ADOPTS the Report and Recommendation with regard to Plaintiff's medical treatment claims against both Defendants.

Plaintiff also alleges that Yelverton is liable to him under § 1983 because Yelverton "knew of the excessive risk of the leaking water situation around the shower on the floor," which caused his fall, and that Yelverton "show[ed] a reckless disregard to that risk by failing to take reasonable

measures to abate it." [Doc. No. 9, ¶ 4]. While the Magistrate Judge's Report and Recommendation states that Plaintiff "accused the Warden of negligence for failing to fix the problem that caused him to slip and fall in the first place," it is not clear that the Magistrate Judge addressed this claim in her analysis. [Doc. No. 8, p. 3].

However, Plaintiff's allegations are insufficient to show that Yelverton was deliberately indifferent to a substantial risk of serious harm with regard to this claim as well. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). Plaintiff does not allege facts whereby the Court could find that Yelverton either "(a) had sufficient information to infer that the conditions in the shower area presented a substantial risk of harm to prisoners' health and safety or (b) actually drew an inference that inmates faced a risk of harm from the conditions in the shower area." *Noble v. Grimes*, 350 Fed. Appx. 892, 2009 WL 3416238, at *1 (5th Cir. Oct. 23, 2009) (citing *Palmer*, 193 F.3d at 352). On its face, Plaintiff alleges that Yelverton was negligent, and a claim of negligence is not actionable under § 1983. *See id.* Accordingly, Plaintiff's claim against Yelverton for a condition of his confinement fails to state a claim for which relief may be granted.

For the foregoing reasons and for the reasons stated in the Report and Recommendation of the Magistrate Judge, adopted by this Court, Plaintiff's claims are DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim upon which relief can be granted.

MONROE, LOUISIANA, this 17th day of August, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE